**ABRAMSON ENTERPRISES, INC., Plaintiff**

v.

**PUBLIC SERVICES COMMISSION OF THE VIRGIN ISLANDS, Defendant**

Civil No. 553-1973

District Court of the Virgin Islands

Div. of St. Croix

January 2, 1974

HODGE, SHEEN & FINCH, ESQS., Christiansted, St. Croix, V.I., *for plaintiff*

VERNE E. HODGE, Attorney General (CURTIS TARTAR, of counsel), St. Thomas, V.I., *for defendant*

YOUNG, *District Judge*

## MEMORANDUM OPINION AND ORDER

■ This is an action for a declaratory judgment and injunctive relief brought by Abramson Enterprises, Inc. (hereinafter referred to as the Bus Co.) against the Public Services Commission (hereinafter referred to as the Commission). The Commission has moved for dismissal or summary judgment. While I believe the Commission's arguments for dismissal are unsound,[1] it is clearly entitled to summary judgment on the pleadings and affidavits before me.

---

[1] As its grounds for dismissal the Commission offers an exhaustion/ripeness kind of argument. The Commission asserts that the suspension order, which the Bus Co. must obey under 30 V.I.C. § 31, is not a "final order or decision of the Commission" and cannot therefore be appealed under § 34 (or under an exhaustion rationale).

I cannot agree. The Bus Co., basically, has put in issue the very *power* of the Commission to act under the statutory scheme. See 2 Am.Jur.2d §

The facts are quite simple. On August 24, 1973, the Bus Co. attempted to deliver a notice of change of rates to the Commission as required by 30 V.I.C. § 13 (notice must be given 30 days before change is scheduled to go into effect). Because the Commission's sole employee at that time, a secretary, was hospitalized, the Commission office was closed on that day. Supplemental Affidavit of Lucien Moolenaar. The Bus Co. then deposited its notice at the offices of the Governor and made no further attempts to give the Commission actual notice of the proposed increase. Due to the unwieldiness of the Virgin Islands Government bureaucracy, the Commission did not receive actual notice of the proposed rate increase until September 25, 1973. Affidavit of Lucien Moolenaar. On September 28, it ordered the new rate suspended for five months pursuant to 30 V.I.C. § 24. The new rates had been scheduled to become effective October 1. On October 2, 1973, the Commission informed the Bus Co. that a public hearing would be held.

The Bus Co. has refused to cooperate with the Commission as to a public hearing and instead has filed this suit, on the theory that the Commission's failure to suspend the Bus Co.'s rates within 30 days of the attempted August 24th notice left the Commission without jurisdiction to affect the Bus Co.'s rate increase. Cf. Manassah Bus Lines,

604. Although there exist cases applying exhaustion/ripeness concepts to jurisdictional claims, the better rule appears to be that where (as here) jurisdiction is merely a question of law, and therefore the agency has no especial competence to resolve the jurisdictional claim ab initio, then such claim is immediately cognizable by a court in interlocutory fashion. Section 31 is no bar to such a procedure.

For example, in Skinner & Eddy Corp. v. United States, 249 U.S. 557 (1918), a suit was brought charging that the ICC had overstepped its statutory powers by approving a rate increase without holding a statutorily mandated hearing. The plaintiffs sought to enjoin the rate increase until such time as the Commission should hold a hearing. In disposing of the identical argument made by the defendant in the instant case, Mr. Justice Brandeis stated:

The contention is that the Commission has exceeded its statutory powers, and that, hence, the order is void. In such a case the courts have jurisdiction of suits to enjoin the enforcement of an order, even if the plaintiff has not attempted to secure redress in a proceeding before the Commission [citations].

359

Inc. v. Public Services Commission, Civ. No. 63/1971 (D.C.V.I. 1971).

 The Bus Co.'s attempt to avoid all the procedures of 30 V.I.C. on a minor technicality is, I believe, conclusively refuted by the excellent points made in the Commission's brief. First, the Commission is correct when it argues the attempted notice on the 24th was not effective to toll the statutory period. A reasonable effort to achieve actual notice is the key. No such reasonable effort was made here. The fact that the Commission office was closed for one working day did not relieve the Bus Co. of its statutory duty to inform the Commission of a proposed increase. Secondly, I do not believe that failure to act within 30 days bars a suspension under 30 V.I.C. § 24, where the suspension occurs *before* a rate increase is scheduled to go into effect. Section 24 does not refer back to the 30-day notice requirement of § 13 but rather to "reasonable notice" to a utility after a rate increase is proposed. Notice of suspension was "reasonable" under the circumstances here: the Commission acted promptly, suspending the proposed rate increase a mere three days after it received actual notice of the proposed increase, and two days before the increase was to become effective. Again, I fully agree with Commission counsel's position that Manassah, supra, is not inconsistent with this result. Brief for Defendant at 2.

ORDER

On the premises considered, there being no issues of fact in dispute, and the Commission being entitled to judgment as a matter of law, it is hereby

ORDERED, ADJUDGED and DECREED, that the Commission's Motion for Summary Judgment be GRANTED.